UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD BURGO**<br>    **LA. DOC # 197078**<br>**VS.** | **CIVIL ACTION NO. 6:09-1166**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **DAWN ANNETTE STRATTON, ET AL.** | **MAGISTRATE JUDGE HILL** |

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff, Donald Burgo, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 9, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the C. Paul Phelps Corrections Center in DeQuincy, Louisiana. Plaintiff sued his ex-wife, Dawn Stratton, his mother, Lois Burgo, and his wife's relative, Debra Stratton Cook Jagneaux, an officer of the Morgan City Police Department. Plaintiff complains that Dawn Stratton and Lois Burgo have conspired to steal property belonging either to the plaintiff or to his father, James Burgo, and have engaged in a "conspiracy, extortion, exploitation of the infirm . . . [and] abuse of the legal system for spite, monetary gain, and personal imprisonment . . . ." Plaintiff further complains that Dawn Stratton has "overtly been having me arrested by her relatives whom work in the Morgan City Police Department, Debra Stratton/Cook/Jagneaux."

Plaintiff prays for compensatory damages in the amount of "$24,000,000.00 and/or any portion of my father's estate she [Dawn Stratton] has stolen, laundered, or

damaged with interests compounded, loss of wages, emotional, mental and physical damages, trauma inflicted . . . ." He also prays for the institution of criminal charges against Ms. Stratton and for further investigation of Ms. Stratton regarding the alleged thefts. By separate pleading, plaintiff additionally seeks a freeze on the bank accounts of Dawn Stratton and Lois Burgos, as well as an official audit of their financial income and assets. [rec. doc. 5].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Background

Plaintiff is serving an eight year criminal sentence with the Louisiana Department of Corrections. He was convicted on two counts of cruelty to the infirmed and then adjudicated an habitual offender in the Sixteenth Judicial District Court for St. Mary Parish. *See State of Louisiana v. Donald Christopher Burgo*, 2007-KA-0227 (La. App. 1 Cir. 6/8/2007), 958 So.2d 1217 (unpublished);[1] *Burgo v. Ruiz*, 6:09cv1165 (W.D. La.).

---

[1] The facts of the case were provided by the First Circuit Court of Appeals as follows:

On August 28, 2005, with Hurricane Katrina approaching the Louisiana coast, seventy-four year-old Lois Burgo contacted her thirty-nine year-old son, defendant, and told him that she and her husband (defendant's father, James Burgo) would pick him up at his trailer in Amelia and let him stay with them at their home in Morgan City. Because of the approaching storm, Mrs. Burgo felt that defendant would be safer with them than in his trailer in Amelia.

When Mrs. Burgo picked up the defendant in Amelia, she knew right away that he was 'very angry' and suspected he was under the influence of some substance. After arriving at his parents' home located at 1700 Elk Street in Morgan City, defendant exited the truck and started yelling at one of his parents' neighbors across the street. Mrs. Burgo was finally able to coax defendant to go inside the home.

In his rambling Complaint, plaintiff names his ex-wife, Dawn Stratton, his mother, Lois Burgo, and Officer Debra Stratton Cook Jagneaux as defendants alleging the following:

> On or about 8-28-06, Dawn Stratton (Divorced Wife), has been exploiting the infirm, violation of R.S.14:93.4 against plaintiff's parents, James Burgo and Lois Burgo. She has threatened and absconded with my child (Diamond Burgo) to the state of Texas previously. She has threatened James and Lois Burgo by stating that [she] would abscond to Texas with Diamond Burgo, unless she was granted a restraining order, complete excommunication and contact between plaintiff and parents. Upon verbal agreement between James Burgo, Lois Burgo and Dawn Stratton, that Diamond Burgo would remain in parents' custody and domicile, a restraining order was requested from the 16th Judicial District Court and granted. As soon as restraining order was issued, Dawn Stratton absconded with Diamond Burgo to Texas. Thus creating an unnecessary and mutually unwanted separation between family members. Through this type of vice, manipulation of the legal system for personal financial gain and power over others, motive and system, she has overtly been having me arrested by her relatives whom work in the Morgan City Police Department, Debra Stratton/Cook/Jagneaux. My father, James Burgo, WW-II Veteran, Member of the Society of Naval Architects and Marine Engineers, has had brain surgery to remove blood clots. Post-Op has suffered memory lapses.

---

Once Mrs. Burgo and defendant got to the door of her home, defendant opened the door and said, 'Ladies, first,' and then proceeded to push his mother through the door while yelling obscenities at her. Defendant's father, who was eighty-two years old and recovering from recent brain surgery, told defendant to stop talking to his mother that way. Defendant told Mr. Burgo that he would talk to them any way he wanted, and then struck his father.

Defendant walked out of the house and into the backyard to check on his dog. At this time, Mrs. Burgo took her husband by his hand, assisted him into the den, and went to the phone to call for help. Defendant then returned and hit Mr. Burgo again, knocking him to the floor. Defendant pulled the phone from his mother's hand, threw it to the floor, and hit his mother in the front of her head, knocking off her glasses and cutting her nose. Mrs. Burgo fell to the couch, then to the floor. Mrs. Burgo thought defendant was going to attack Mr. Burgo again, so she placed herself over her husband's body as defendant struck her on the side of her head again.

At that moment, Officer John Schaff of the Morgan City Police Department entered the home and discovered the Burgos coming toward the door as if they were being chased. Behind them came defendant, who was holding a dog leash. Defendant was arrested and taken to jail. During a pat down of defendant, Officer Schaff recovered a metal pipe from defendant's left pocket with some residue of suspected narcotics. *State of Louisiana v. Donald Christopher Burgo*, 2007-KA-0227 (6/8/2007) at pp. 2-3.

> Testified during trial under oath, 'The women were telling him what to remember' upon record.  Dawn Stratton, by means of coersion, unlawful arrests, current incarceration, is exploiting my father, trying to obtain his signature and power of attorney.  With their exhibited motive to connive for monetary gain, they may have stolen from my property, possessions, land, tools, as well as that of my father's while I have been incarcerated.  Dawn Stratton has been using Lois Burgo by means of monopolizing visitations with my daughter as vice, coersion, manipulation and theft.  This exploitation of my family, miscarriage of justice needs to be thoroughly investigated and quelled.  [rec. doc. 1, p. 4]

## Law and Analysis

*Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  When "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations", those claims are properly dismissed as frivolous.  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Plaintiff has set forth specific facts which he claims entitles him to relief and he has pleaded his best case. The facts alleged by plaintiff have been accepted as true for the purposes of this Report. Nevertheless, plaintiff's claims are subject to dismissal for the reasons that follow.

### *Non-State Actors*

To prevail on a civil rights claim an inmate must prove that he was deprived, under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). Under the "color of law" requirement, the defendants, in a § 1983 action, must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

5

Tt is clear that neither plaintiff's ex-wife, Dawn Stratton, nor his mother, Lois Burgo, are state actors as required for liability under § 1983. To the contrary, these women are merely private citizens who were in no way clothed with the authority of state law. Further, there is no factual basis to support any claim of a conspiracy between these women and Officer Jagneaux to support a claim of state action. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995); *Mills v. Criminal District #3*, 837 F.2d 677 (5th Cir. 1988); *See also Babb v. Dorman,* 33 F.3d 472, 476 (5th Cir. 1994) *citing Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) *citing McAfee v. 5th Circuit Judges,* 884 F.2d 221 (5th Cir.1989). Plaintiff's civil rights claims against Dawn Startton and Lois Burgo should therefore be dismissed as failing to state claims upon which relief may be granted.

***Statute of Limitations***

Plaintiff has also sued Officer Jagneaux, who is presumably a state actor, alleging only that Officer Jagneaux was responsible for various wrongful arrests of the plaintiff. Although plaintiff does not set forth the date of these allegedly wrongful arrests, it is clear that these wrongful arrests occurred prior to plaintiff's present incarceration. This court's records and the jurisprudence of the State of Louisiana reveal that plaintiff was arrested on August 28, 2005, he was convicted in 2006 of two counts of cruelty to the infirmed for

which he was ultimately sentenced to serve eight years imprisonment, and his convictions and habitual offender adjudication were affirmed on direct appeal on June 8, 2007. *See State of Louisiana v. Donald Christopher Burgo*, 2007-KA-0227 (La. App. 1st Cir. 6/8/2007), 958 So.2d 1217 (unpublished); *Burgo v. Ruiz*, 6:09-1165 (W.D.La. 2009). Plaintiff has been in continuous custody on the felony charges for which he now stands convicted and for which he is now imprisoned, since, at the latest, the date his convictions and habitual offender adjudication were affirmed on direct appeal, June 8, 2007. Moreover, according to the available evidence, Officer John Schaff, and not Officer Jagneaux, was the arresting officer on that date.[2] Thus, any allegedly false arrests attributable to Officer Jagneaux occurred, at the latest, prior to June 8, 2007.

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim arose. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art. 3492 in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). However, the date of accrual for a §1983 claim is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007); *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).

---

[2] *See* footnote 1, *supra*.

Here, plaintiff complains of allegedly wrongful arrests by Officer Jagneaux, a relative of his estranged spouse, which, in accordance with the above analysis, occurred, at the latest, prior to June 8, 2007, when plaintiff's convictions and multiple offender adjudication were affirmed on direct appeal. Plaintiff was undoubtedly aware of each alleged wrongful arrest on the date each occurred. Thus, under federal law, plaintiff's claim against Officer Jagneaux accrued, at the latest, on June 8, 2007, when plaintiff either knew or should have known the facts on which his constitutional violation is based, whether or not he realized a legal cause of action existed. *See Piotrowski*, 51 F.3d at 516 *quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981).

Since plaintiff's claim accrued, at the latest, on June 8, 2007, plaintiff had one year, or until June 8, 2008 to file his federal § 1983 action. However, this action was not filed until July 9, 2009, over two years after his claim accrued and over one year after the limitation period had expired. Thus, plaintiff's §1983 action against Officer Jagneaux is clearly barred by the one year statute of limitations. Accordingly, plaintiff's claims against Officer Jagneaux should be dismissed on this basis as frivolous. Accordingly;

**IT IS RECOMMENDED** that plaintiff's claims against his ex-wife, Dawn Stratton, and his mother, Lois Burgo, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against Debra Stratton Cook Jagneaux be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § § 1915(e)(2)(B)(i) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In chambers, Lafayette, Louisiana, January 4, 2010.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE