U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUN 17 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DONALD BURGO                                CIVIL ACTION NO. 6:09-cv-01166
LA. DOC #197078
VS.                                         SECTION P

                                            JUDGE RICHARD T. HAIK, SR.

STRATTON, ET AL                             MAGISTRATE JUDGE PATRICK J. HANNA

JUDGMENT

Before the Court is Plaintiff, Donald Burgo's, Motion to reconsider the summary judgment dismissal of his 42 U.S.C. § 1983 civil rights complaint, which shall be treated as a motion for relief from judgment pursuant to Fed.R.Civ.P. Rule 60(b). [Rec. Doc. 10]. Plaintiff filed his Complaint on July 9, 2009 and an Amended Complaint on August 2, 2009. *R. 1; 5.* On January 5, 2010, the Magistrate Judge's Report was issued recommending that Plaintiff's claims be dismissed, with prejudice, for failure to state a claim and as untimely, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915(b)(1). On February 18, 2010, the Court adopted the Magistrate Judge's Report as the Court's opinion and entered judgment. Plaintiff filed this motion on June 12, 2014. *R. 10.*

Rule 60(c)(1) requires that any "motion under Rule 60(b) be made within a reasonable time," Fed. R.Civ.P. 60(c)(1), "unless good cause can be shown for the delay." *In re Osborne*, 379 F.3d 277, 283 (5th Cir.2004). What constitutes "good cause" for a reasonable delay "must necessarily be evaluated on a case-by-case basis." *Id.* "The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *First RepublicBank Forth Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir.1992). Once a party has grounds to make a Rule 60(b) motion, he must bring the motion reasonably promptly. *Id.* at 121.

As provided in the foregoing, the Court entered judgment on Plaintiff's Complaint on February 18, 2010. Petitioner filed this Motion on June 12, 2014—over four (4) years later. Plaintiff's claim was not brought within a reasonable time nor has he shown good cause for the delay. *Id.* (holding that waiting more than two years to file the Rule 60(b) was not timely); *Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir.2014).

Even assuming that the Plaintiff's Rule 60(b) motion was brought within a reasonable time, it is without merit. Plaintiff's motion provides nothing that changes the Court's determination that defendants, Dawn Stratton and/or Lois Burgo, were not state actors as required for liability under § 1983. Nor has plaintiff provided anything in his motion to refute that his § 1983 claim against defendant Officer Jagneaux was not barred by the statute of limitations. Accordingly,

**IT IS ORDERED** that Plaintiff, Donald Burgo's, Motion to reconsider the summary judgment dismissal of his 42 U.S.C. § 1983 civil rights complaint is **DENIED and DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED**, in chambers, in Lafayette, Louisiana, on this 16th day of June, 2014.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE